Requestor: David M. Franz, Esq., City Attorney City of Salamanca Municipal Center Salamanca, New York 14779
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether your city may authorize the loan of its voting machines to a group of concerned citizens for the purpose of conducting a public opinion poll to determine public sentiment regarding a proposed lease.
It has been long established that a municipality may conduct a referendum only if there is a statutory grant of power to do so. Informal Opinion No. 90-24; 1985 Op Atty Gen (Inf) 57; 1981 Op Atty Gen (Inf) 154. Government by representation is the general rule and direct action by the people must be specifically authorized by State law. Ibid. Matter ofMcCabe v Voorhis, 243 N.Y. 401 (1926); Mills v Sweeney, 219 N.Y. 213
(1916).
For example, certain local laws are subject to either a mandatory referendum or referendum on petition under sections 23 and24 of the Municipal Home Rule Law.
Thus, the expenditure of public funds to conduct a non-binding referendum or opinion poll, unless specifically authorized by State law, would be an unlawful waste of public funds. You have not informed us nor are we aware of any State statutory authorization for the expenditure of funds for a referendum on the proposed lease.
We note, however, that there would be no prohibition against the conduct of an informal poll of public opinion if there is no expenditure of governmental funds. For example, a local legislator might hold neighborhood meetings to get a sense of how his constituents feel about a particular issue.
We conclude that a local government may not expend public funds for the conduct of a referendum without specific authorization by State law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.